Mr. Gene Wilhoit, Director General Education Division Arkansas Department of Education #4 State Capitol Mall Little Rock, Arkansas 72201-1071
Dear Mr. Wilhoit:
This is in response to your request for an opinion on the impact of the repeal of former A.C.A. § 6-20-310(b)(3) (Supp. 1995). Specifically, you note that this statute provided a mechanism for certain school districts to repay to the Department of Education certain overpayments of Minimum Foundation Program Aid ("MFPA"). The overpayments were made to the districts as a result of a discrepancy between estimated local wealth figures which were made and used to distribute state aid to these districts because of an ongoing reappraisal of property in these districts, and the actual reappraisal figures, once known.
The relevant portion of the statute provided that:
 In instances where school districts have been overpaid in 1983-84, 1984-85, or 1985-86, based on actual real property assessments as determined by reappraisal, repayments shall be made beginning in 1988-89 as follows:
 (A) The annual Minimum Foundation Program Aid allocation to the respective school districts shall be reduced by an amount not to exceed one-half (1/2) of the increase in Minimum Foundation Program Aid. For purposes of this subsection, the increase in Minimum Foundation Program Aid shall be the lesser of:
 (i) Total increase in Minimum Foundation Program Aid in the current year over the previous year less the product of the current state aid equalization rate and the increase in weighted average daily membership the previous year over the second previous year; or
 (ii) Total Minimum Foundation Program Aid for the current year minus the previous year's total Minimum Foundation Program Aid;
 (B) The reduction in Minimum Foundation Program Aid shall not be greater in any one (1) year than one-fifth (1/5) of the amount of the overpayment to the respective school districts; and
 (C) The Department of Education shall keep such records as are necessary to determine when the repayments are completed.
A.C.A. § 6-20-310(b)(3) (Supp. 1995), repealed effective July 1, 1996.
The history of this "mechanism" for repayment has been detailed by the Arkansas Supreme Court as follows:
 Section 6-20-310(a) was amended by Act 674 of 1985 to allow the Department of Education to recover overpayment amounts over a two year period for districts whose repayment amounts were significant. It was again amended by Act 203 of 1987 to provide additional relief to districts with significant repayment amounts by allowing repayments to be spread out over five rather than two years and by Act 480 of 1989 to ensure that any increase in MFPA due to increased enrollment was deleted from the calculation of a district's increase in MFPA for the purpose of calculating the amount of repayment.
Fayetteville School District v. Arkansas State Board of Education,313 Ark. 1, 4, 852 S.W.2d 122 (1993).
You note that the statute above, embodying this mechanism for repayment, was repealed by Act 917 of 1995 (Section 15). Act 917 was enacted to provide a new funding formula for school districts across the state. The statute above (A.C.A. § 6-20-310) was repealed by Section 15 of Act 917 which stated that: "Effective July 1, 1996, the following sections of the Arkansas Code Annotated are hereby repealed: §§ . . . 6-20-301 through 318. . . ." No mention of the amounts due the Department was made in Act 917.
Your question inquires as to the "status of the amount due the Department of Education after June 30, 1996." You also ask, if these amounts "are not to be forgiven," what the mechanism will be for the Department to collect the accounts receivable.
I must note as an initial matter that your questions are not clearly addressed by any relevant law. As a consequence, legislative or judicial clarification is indicated to definitely resolve the issue.
I cannot infer, however, from the repeal of A.C.A. § 6-20-310, a legislative intention to cancel or forgive the obligation on the part of the school districts to repay the relevant amounts. The repeal, at most, abolished the repayment mechanism or repayment schedule outlined in the former statute, but in my opinion did not abolish the debt itself.
As to your second question, inquiring as to the "mechanism" for the Department to recover these amounts, the answer is not clearly addressed by any statutory law. In the absence of legislative clarification, therefore, I cannot provide a conclusive response to this question. Conceivably, the matter could be addressed by rule or regulation of the Arkansas State Board of Education (see A.C.A. §§ 6-11-105 (Repl. 1993) and 6-20-305 (Supp. 1995)), or the Department could pursue any existing available remedies.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh